Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** | Case No.: 3:13-cv-00295-AC |
| Plaintiff, | PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY |
| v. | |
| **DOES 1 – 371,** | |
| Defendants. | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff hereby moves this Court *ex parte* for an Order permitting Plaintiff to take further limited expedited discovery prior to the Rule 26 conference to ascertain the defendants identified in Exhibit 1 of the complaint.

### I. INTRODUCTION

Plaintiff Voltage Pictures, LLC, is in the business of producing marketing and distributing motion pictures which have won numerous awards including at least six (6) Academy Awards (Oscars) and numerous other recognitions. Defendants are a group of BitTorrent users or peers whose computers are interconnected and used for illegally copying and distributing plaintiff's motion picture to each other and others. Plaintiff is

suing the various Doe defendants for using the internet, specifically the BitTorrent file distribution network to commit copyright infringement.

As defendants used the internet to commit infringement, plaintiff only knows defendants by their Internet Protocol ("IP") address.  Defendants IP addresses were assigned to the defendants by their respective Internet Service Providers ("ISP").  The ISP uses the IP address to specifically identify each person using the internet though the ISP to transmit and receive data.  Publicly available data allows plaintiff to identify the specific ISP defendants used, and even often the city where the defendants reside, as identified in Exhibit 1 of the filed complaint.  But as the ISPs control the access to the internet by the individual defendants, only the ISPs have the records which tie each IP address identified as infringing plaintiff's copyright to a specific defendant. Without this information, Plaintiff cannot serve the defendants nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, plaintiff seeks leave of the Court to serve Rule 45 subpoenas on the ISP's identified with the compliant and any related intermediary ISPs.  Any such subpoenas will be limited to non-content subscriber account information such as the true name, address, telephone number, and e-mail address of the defendants identified by the IP address in Exhibit 1 to the compliant.  Plaintiff will only use this information to prosecute the claims made in its complaint.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for

expedited discovery. *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Courts routinely allow discovery to identify "Doe" defendants. *See, e.g.,Matot v. Does 1-5*, 6:13-cv-00153-TC (D. Or. Feb. 12, 2013) (leave granted to subpoena any email service or internet service providers for such further information as may be needed to specifically identify the Doe defendants); *Murphy v. Goord*, 445 F.Supp.2d 261, 266 (W.D. New York 2006) (in situations where the identity of alleged defendants may not be known prior to the filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); *Cottrell v. Unknown Correctional Officers, 1-10*, 230 F .3rd 1366 (9th Cir. 2000); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Equidyne Corp. v. Does 1-21*, 279 F.Supp.2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards).

Courts consider the following factors when granting motions for expedited discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party

with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendants; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999)

First, plaintiff can identify the missing parties with sufficient specificity: the missing parties are the account holders of the specific IP addresses that plaintiff has specifically identified with the complaint in Exhibit 1 to the complaint.  Second, though plaintiff has been able to identify much about each defendant, namely who they use as their ISP, where they are generally located and what software they used to commit acts of infringement, plaintiff has no means to readily identify the Doe defendants as named individuals.  The ISPs have procedures for revealing such information, but they require a subpoena as a matter of course.  Third, plaintiff states a claim for copyright infringement.  Specifically, plaintiff has alleged sufficient facts to support a plausible right to relief well above any general level of mere speculation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Good cause clearly exists in this case because the internet service providers used to commit the acts of copyright infringement are the only sources which can supply the information necessary to identify the defendants.  A further basis for good cause is that in a claim for copyright infringement there is a presumption of irreparable harm to the copyright owner.  *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (Finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference.)

If plaintiff is denied the ability to subpoena the ISP's the identify of the infringers will remain hidden and defendants will be able to continue to freely infringe plaintiff's copyrights and commit other acts of theft with impunity.

As such it is clearly in the interest of preserving justice and order that this court should grant Plaintiff's motion. *See Semitool, Inc.*, 280 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party).

### III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court grant the *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26 Conference and enter an Order allowing plaintiff to subpoena records from the ISPs for the identity of the account holder assigned to each IP address identified as an infringing party in Exhibit 1 to the complaint and for such further information as may be needed to specifically identify the several Doe defendants.

DATED: February 21, 2013.

/s/Carl D. Crowell
Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for the plaintiff