Carl D. Crowell, OSB# 982049
E-Mail: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
503-581-1240
Of attorneys for plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **DOES 1 – 198,** <br> **DOES 1-12,** <br> **DOES 1-34,** <br> **DOES 1-371,** <br><br> Defendants. | Case Nos.:  6:13-cv-290-AA <br>   2:13-cv-292-AA <br>   1:13-cv-293-AA <br>   3:13-cv-295-AA <br><br> Honorable Judge Ann L. Aiken <br><br> DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S REPORT TO THE COURT & REQUEST FOR EXTENSION OF TIME |

Under penalty of perjury I, Carl D. Crowell, hereby state as follows:

1. I am an attorney admitted to practice in Oregon and plaintiff's counsel in this matter.

2. All matters in this declaration are submitted through personal knowledge and belief.

3. Prior to filing these cases I contacted Judge Aiken's Courtroom Deputy seeking direction on how the court would like this matter managed and requested the opportunity to discuss the matter with Judge Aiken. I was told that the matter should be managed by Court Administrator Steve Minetto.

4. In my discussions in how to manage this type of case with Mr. Minetto, I proposed breaking down the defendants to smaller batches. He requested I file all defendants in a single case for

DECL. COUNSEL
                                                                                  PAGE 1

the convenience of the court. After some discussion, I suggested that it might be best to parse the defendants by division, at least initially, to see how things worked out. I was told to expect the court to consolidate the cases. I suggested filing a first case or two by division and then filing a consolidated case and then we could reevaluate. We agreed to maintain an open dialog on how the court would prefer this type of litigation to be managed. My last call to Mr. Minetto was on April 8, 2013, though he has not returned that call.

5. After the initial subpoenas for this case were issued, it became clear that some Internet Service providers ("ISPs") were not fully aware of the Cable TV Privacy Act of 1984 (47 U.S.C. § 551) and the Stored Communications Act (18 U.S.C. § 2701) as I would get same day calls and offers for information beyond what I needed. I became concerned that some ISPs, in an effort to comply with a subpoena in good faith were perhaps not aware of the relevant rules. As a result, I began to include a notice with the subpoenas issued. A true copy of this notice is attached as Exhibit 2.

6. In representing another plaintiff, I filed the matter of Elf-Man, LLC v. Does 1 – 107, 3:13-cv-00334 on February 26. On March 5, Judge Acosta issued an order for discovery similar to the order in this case but without a time deadline.

7. Shortly after Judge Acosta's order allowing discovery it became clear that more than my notice (Exhibit 2) was needed to guide parties responding to subpoenas. As such, I contacted both the Judicial Clerk of Judge Acosta and the Judicial Clerk of Judge Aiken to explore a narrower and more tailored judicial order that would also provide guidance to ISPs and ensure that the rights of subscribers would be protected. While not allowed by local rule without a request from the court, it was suggested that I could file an *Ex Parte* Motion for Amended Order to Expedite Discovery to revise the Order of Judge Acosta and make my arguments by motion, and I did so. 3:13-cv-000334-AC, Doc. 9; Exhibit 3. Judge Acosta made further adjustments to the proposed order and issued a timeline for ISPs to respond within sixty (60) days. 3:13-cv-000334-AC, Doc. 12; Exhibit 4.

PAGE 2

8. After the filing the initial complaint in this matter, a First Amended Complaint was also filed in these cases. 3:13-cv-00295-AA, Doc 9. After filing the First Amended Complaint, the Judicial Clerk of Judge Aiken was asked if a new Discovery Order should be filed and responded that there was no need for any additional motions. By the time the supplemental orders such as requested in Elf-Man, LLC v. Does, 3:13-cv-00034-AC, and other cases issued, all subpoenas in these case were issued, and a subsequent order was seen as a moot issue, though efforts were made to confirm subpoenaed parties were aware of subscriber rights.

9. On being served with subpoenas, several ISPs requested extensions of the time due to the work-load burdens of the ISPs and notice requirements to subscribers. Plaintiff made accommodations and extended those deadlines to relieve pressure from various ISPs. Plaintiff has now served 45 civil subpoenas on 27 ISPs. Presently, the ISPs have responded with either a definite subscriber identity or an inability to provide definite subscriber identity for 182 IP addresses. For any ISP that is unable to provide definite subscriber information of an IP address, that associated Doe No. is being dismissed.

10. Exhibit 1 is a true and correct copy of the text of House Memorial 2, as found at http://www.leg.state.or.us/13reg/measures/hm1.dir/hm0002.intro.html.

11. Exhibit 5 is a true and correct copy of an email exchange with subscriber which demonstrates plaintiff's willingness to work with the subscriber, specifically, "…if we are able to determine that there is an error in our data or of [sic] there is another explanation, then we will agree to voluntarily dismiss you from the pending case." This email is not redacted as this party has voluntarily made herself public through the media.

12. Exhibit 6 is a true and correct copy of an email to an opposing counsel which demonstrates plaintiff's interest in identifying the actual infringers of its copyrighted work, not just the subscriber, specifically, "… my questions first pertain to whether or not [the subscriber] is the actual Doe Defendant or if there is another party. Our client has an interest in identifying

the actual infringers. *If she is not liable then we would like to clear her and work to ascertain the identity of the actual infringer.*" (Emphasis added.)  This email is redacted to protect the identity of a subscriber party that has not been named as a defendant.

13. Exhibit 7 is a true and correct copy of an email to an opposing counsel which demonstrates plaintiff's interest in identifying the infringing party, specifically, "If your client is not the infringing party we would like to conduct further discovery to ascertain the identity of the infringing party…"  This email is redacted to protect the identity of a subscriber party that has not been named as a defendant.

14. Exhibit 8 is a true and correct copy of an email to an opposing counsel exculpating a subscriber and demonstrating plaintiff's interest in finding actual infringers, specifically, "Based on the facts you present we do not believe your client should be liable in this matter.  Your client maintained a password on their Wi-Fi and reasonably directed their neighbor/tenant to limit and control access…"  This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

15. Exhibit 9 is a true and correct copy of an email to a City Attorney in a matter where over 1700 illegal copyright violations were linked to an IP address assigned to the city, much of it pornography, with plaintiff counsel offering to "cooperatively" work with the city to address this issue.  This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

16. Exhibit 10 is a true and correct copy of an email to a business when it was revealed an IP address assigned to the business had a substantial amount of illegal BitTorrent traffic.  On being informed of the situation, the IT department investigated and voluntarily implemented procedures to avoid future similar activity.  Plaintiff is not asking for any compensation from this subscriber.  This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

17. Exhibit 11 is a true and correct copy of an email exchange with an opposing counsel for a party who has entered into a consent judgment with plaintiff enjoining further infringing activity. This email is redacted to protect the identity of a subscriber party that has settled and entered into a consent judgment, but whom plaintiff does not believe should be subjected to media harassment.

18. In one instance it was revealed that a hotel was assigned an IP address which had a substantial amount of illegal BitTorrent traffic. On being informed of the situation the hotel operator investigated and voluntarily implemented technology to allow continued internet use, but block illegal BitTorrent traffic. Plaintiff is not asking for any compensation from this subscriber. This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

19. In another instance, plaintiff is currently awaiting the receipt of paperwork which cleared a subscriber's machines as a result of a computer forensic analysis.

20. For the majority of the subscribers with whom plaintiff has made contact, there has been either a prompt confirmation of infringement or an agreement to dismiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated April 12, 2013

/s/ Carl D. Crowell
Carl D. Crowell, OSB# 982049