**ROBERT SWIDER**
Swider Medeiros Haver LLP
621 SW Morrison, Suite 1420
Portland, OR 97205-3897
Telephone: (503) 226-8122
Facsimile: (503) 295-2737
robert@smhllaw.com
Oregon State Bar ID #82127
of Attorneys for Defendant Doe # 7

**JESSICA MCKIE**
Swider Medeiros Haver LLP
621 SW Morrison, Suite 1420
Portland, OR 97205-3897
Telephone: (503) 226-8122
Facsimile: (503) 295-2737
jmckie@smhllaw.com
Oregon State Bar ID #104490
of Attorneys for Defendant Doe # 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Voltage Pictures, LLC, | Case No.  3:13-cv-00295-AA |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION TO QUASH BY DOE 7** |
| v. | |
| Does 1-371, | |
| Defendants. | |

## INTRODUCTION

Plaintiff issued a Subpoena Duces Tecum to internet service provider Comcast on March 6, 2013, demanding the basic subscriber information for 184 IP addresses be provided on April 20, 2013 at 9:00 a.m. For the reasons set forth below, Doe 7 requests that the subpoena be quashed.

Page    1 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH BY DOE 7

## FACTS

Plaintiff filed the present action on February 19, 2013, asserting copyright infringement claims against multiple defendants identified only by their internet protocol (IP) addresses. Plaintiff alleges that defendants "are a group of BitTorrent users or peers whose computers are collectively interconnected and used for illegally copying and distributing plaintiff's motion picture. Compl. ¶24. As indicated by Exhibit 1, attached to Plaintiff's First Amended Complaint, the Does live in various cities, and the alleged infringing activity occurred on various dates and at various times between November 2012 and February 2013.

On February 22, 2013, the Court granted Plaintiff's motion to expedite discovery allowing plaintiff to subpoena various internet service providers (ISP) to identify the account holders associated with the IP addresses and amend its Complaint within 45 days making the deadline April 8, 2013.

Plaintiff issued a Subpoena Duces Tecum to internet service provider Comcast on March 6, 2013 demanding the basic subscriber information for 184 IP addresses be provided on April 20, 2013 at 9:00 a.m, well past the court's deadline to amend Plaintiff's complaint. Declaration of Jessica L. McKie (McKie Decl.) ¶¶ 2 and 3, Exh. A.

Comcast sent a letter notifying Doe 7 that Comcast will provide Doe 7's name, address, and other information demanded in the subpoena unless Doe 7 files a protective motion, and provides notice of such filing to Comcast, no later than April 17, 2013. McKie Decl. ¶¶ 4 and 5, Exh. B.

Because Plaintiff failed to timely amend its complaint or seek an extension to do so, on April 10, 2013, the Court issued an Order to Show Cause allowing Plaintiff ten (10) days to show cause in writing why this case should not be dismissed for failure to follow a court order and why defendants should not be severed, requiring the filing of individual complaints. Thus, Plaintiff has until April 20, 2013 to make this showing.

On April 12, 2013, Plaintiff filed an untimely request for an extension to amend its

Page   2 -  **MEMORANDUM IN SUPPORT OF MOTION TO QUASH BY DOE 7**

complaint to name the Does. As of the time of filing this document, Plaintiff had not responded to the Court's Order to Show Cause.

## LEGAL STANDARD

Under Rule 45(c)(3), a court must modify or quash a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A). A court may modify or quash a subpoena that requires disclosing confidential information. Fed.R.Civ.P. 45(c)(3)(B). As a general matter, Rule 45(c)(3) "give[s] ample discretion to district courts to quash or modify subpoenas causing 'undue burden'." *Exxon Shipping Co. v. U.S. Dept of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).

When a district court allows a plaintiff to subpoena an internet service provider (ISP) for the personal identifying information of subscribers allegedly infringing a plaintiff's copyright, the court may require the ISP to notify the subscribers of the subpoena and allow sufficient time for the subscribers to move to quash the subpoena before the information is released. *IO Grp. Inc. v. Does 1-435*, Case No. C 10-04382 SI *2 (N.D. Cal. 2011). If a subscriber moves to quash, the court may sever the Doe defendant from the case. *Id*. If improperly joined Doe defendants are severed and dismissed without prejudice, the plaintiff is still free to file individual claims against each Doe defendant, issuing subpoenas to the appropriate ISP within each separate case. *Id*. *3.

## ARGUMENT

**I. Plaintiff's failure to make the showing required by the Court's Order to Show Cause will invalidate the Comcast subpoena.**

Allowing Comcast to disclose Doe 7's personal information on a subpoena that may shortly become invalid subjects Doe 7 to undue burden and discloses information that should not have been provided to Plaintiff. The Court has issued a Show Cause Order requiring Plaintiff to show cause in writing by April 20, 2013 as to why these cases should not be dismissed for failure to follow a court order and why defendants should not be severed, requiring the filing of

Page   3 -   MEMORANDUM IN SUPPORT OF MOTION TO QUASH BY DOE 7

individual complaints. If Plaintiff fails to make either showing, the case will be dismissed and the subpoena issued to Comcast in this case will be invalid. However, Comcast has demanded that Doe 7 provide notice of filing a protective motion by April 17, 2013 or it will release Doe 7's information to Plaintiff on April 20, 2013.

Notably, the Court allowed Plaintiff to subpoena the ISPs in order to identify and name the Does by a specified date, but Plaintiff did not do so. The subpoena at issue here did not even demand that Comcast provide subscriber information until well after the deadline to amend had passed. Exh. A. In order to ensure that Comcast does not disclose Doe 7's personal information prior to the Court's decision on its Show Cause Order, the subpoena issued to Comcast in this case should be quashed.

## II. Doe 7 has been improperly joined with the remaining Does in this action.

Because Doe 7 has been improperly joined in this case, the Court should not allow Plaintiff to discover Doe 7's personal identifying information on the present subpoena. Plaintiff should be required to file a separate claim against Doe 7, and issue a subpoena to the ISP in that case to properly obtain the information it seeks. *IO Grp. Inc. v. Does 1-435*, Case No. C 10-04382 SI Order Severing Does *2-3 (N.D. Cal. 2011).

Permissive joinder is improper in this case. Plaintiff admits that joinder in this case is permissive. Compl. ¶32. Permissive joinder is proper if (1) plaintiff's claims arise out of the same transaction(s) or occurrence(s), and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. Pro. 20(a)(2)(A) and (B). If these requirements are met, the Court must consider whether permissive joinder "comport[s] with the principles of fundamental fairness" or would result in prejudice to either side. *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

"[T]he majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder." *Patrick Collins, Inc. v. Doe*, Case No. 3:12-cv-1474-gpc-bgs Order Granting Defendant's Motion * 4 (S.D. Cal 2013); *Hard Drive Productions,*

*Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1157 (N.D. Cal. 2011) (use of BitTorrent is not sufficient to satisfy the joinder under Rule 20(a)). Plaintiff admits that it bases its claims on alleged use of BitTorrent technology. Compl. ¶45. Therefore, permissive joinder is improper.

Plaintiff's claims against the various Does do not arise out of the same transaction or occurrence or share any question of law or fact. Plaintiff's Exhibit 1 shows that Does 1-371[1] live in various cities, and that the alleged infringing activity occurred on various dates, at various times, between November 2012 and February 2013 using different ISPs and different BitTorrent clients. As explained by the Court in its Show Cause Order, this type of technology does not require a user to share any particular part of a file with any other particular user. Dkt # 11, Order at 4. Therefore, Plaintiff's claims against the various Does do not arise out of the same transaction or occurrence.

Permissive joinder does not "comport with the principles of fundamental fairness" in this case and would result in substantial prejudice to Doe 7. In *Hard Drive*, the Court responded to a subscriber motion to quash by exercising its discretion to sever and dismiss all but Doe Defendant 1 to "avoid causing prejudice and unfairness to Defendants, and in the interest of justice," and granted all the dismissed Doe Defendants' motions to quash on that basis. *Hard Drive*, 809 F.Supp.2d at 1164. The Court explained that requiring all defendants to be joined in such an action would place significant burdens on the defendants and the courtroom including unmanageable depositions, case management conferences, and presentation of separate defenses. *Id.* Here, Plaintiff names more defendants than were named in *Hard Drive*, so the unmanageability would be even greater. Furthermore, joinder allows Plaintiff to avoid the filing fees that would be incurred if Plaintiff pursued each Doe individually. According to the Court's Show Cause Order, this amounts to a significant savings to Plaintiff. Dkt # 11, Order at 2. Therefore, permissive joinder does not comport with fundamental fairness in this case.

///

---

[1] Plaintiff has voluntarily dismissed a number of Does, but the facts hold true for the remaining Does.

Page    5 -    **MEMORANDUM IN SUPPORT OF MOTION TO QUASH BY DOE 7**

## CONCLUSION

For the foregoing reasons, Doe 7 respectfully requests that the Comcast subpoena be quashed. In the interest of judicial economy, Doe 7 requests that the Court defer deciding this Motion to Quash until the Court has ruled on its Order to Show Cause.

DATED April 16, 2013.

Respectfully submitted,

/s/ Robert Swider
Robert Swider, OSB #82127
Swider Medeiros Haver LLP
of Attorneys for Defendant Doe 7


/s/ Jessica L. McKie
Jessica L. McKie, OSB #104490
Swider Medeiros Haver LLP
of Attorneys for Defendant Doe 7