Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,**  Plaintiff, v. **DOES 1 – 371,**  Defendants. | Case No.: 3:13-cv-00295-AA  PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ANSWER OF G.R. VALLEAU  FRCP 12(f)(2) |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ANSWER OF G.R. VALLEAU**

Voltage filed the instant action asserting copyright infringement claims under the United States Copyright Act of 1976 (17 U.S.C §§ 101 et seq.). G.R. Valleau submitted a letter to the court which was received as an answer, docketed as Document 10 in the court file.

Federal Rule of Civil Procedure 12(f)(2) provides that a court may strike from a pleading any immaterial matter. Fed. R. Civ. P. 12. Federal Rule of Civil Procedure 17(a)(1) provides that an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17.

G.R. Valleau's letter states:

> A Copy of the attached subpoena led me to the discovery my adult son downloaded "Maximum Conviction," the movie in the above-referenced civil action while he was at my house. He said he used a blocker so that no one else could download files from his computer. Enclosed is a money order for $12.99, the cost currently listed for this movie on Amazon.com. Please extend my apologies to Voltage Pictures for not paying more attention.

MOTION TO STRIKE ANSWER – G.R. Valleau                                                                 Page 1

>Thanks for bringing this to my attention, and I now consider this issue resolved.

Doc. 10, 3:13-cv-00295-AA.

Voltage's complaint seeks redress from copyright infringers. Doc. 9, 3:13-cv-00295-AA. Presently, G.R. Valleau is not the real party in interest nor is there any indication of G.R. Valleau being a real party in interest. Indeed, by the terms of the letter G.R. Valleau had no advance knowledge of the infringing conduct of the "adult son." Rather, G.R. Valleau's adult son would appear to be the infringer and the real party in interest and the proper Doe defendant. As such, the answer filed by G.R. Valleau is an immaterial matter submitted by a non-party.

Pursuant to Rule 12(f)(2) and 17 Voltage requests this court strike the subject.

DATED: April 17, 2013

Respectfully submitted,

CROWELL LAW

/s/ Carl D. Crowell
Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
 (503) 581-1240
Of attorneys for the plaintiff