Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DOES 1- 371,**<br><br>Defendants. | Case No.:   3:13-cv-00295-AA<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH<br><br>"Doe 7"/ Document 21<br>"Doe 270" / Document 27 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTIONS TO QUASH**

**I.  INTRODUCTION**

On April 16, 2013, two virtually identical motions to quash were filed on behalf of "Doe 7" and "Doe 270", collectively "Movants" herein as the parties are not named Doe defendants. Docs. 21 & 27.  Because the motions and memoranda are virtually identical, save for the Doe number, plaintiff responds to both jointly.

Movants make two arguments in support of their motions to quash.  Movants' first argument is that plaintiff's failure to make the showing required by the Court's Order to Show Cause will invalidate the Comcast subpoena and should Comcast release the subscriber

RESPONSE IN OPPOSITION TO MOTION TO QUASH                                     Page 1

information based on an invalid subpoena, Movants will be unduly burdened.  Movants' second argument is that Movants have been improperly joined.

Plaintiff submits Movants' arguments are is resolved with the Court's finding on the Order to Show Cause and asks the Court to deny Movants' objections as Movants lack standing to object and because joinder is proper.

## II. DISCUSSION

### A. Burden

"The party moving to quash a subpoena bears the burden of persuasion." *Webster v. Northwest Cancer Specialists, P.C.*, No. 11-1543 (D. Or., 2012), citing *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

### B. The subpoena is valid pending resolution of the Court's Order to Show Cause.

Movants' first argument that the subpoena will ultimately become invalid is premised on the assumption that plaintiff will fail to show cause.  Plaintiff has endeavored in good faith to respond ahead of the court's deadline to avoid any delay in resolution of the Court's concerns.  Third party Movants should not be permitted to impose further delay.

Plaintiff requests this court deny Movants' motions so that it may pursue its legitimate legal remedy, or in the alternative stay adjudication of the instant motions until determination of the pending Order to Show Cause.

### C. There is no undue burden.

Movants assert that allowing Comcast to disclose Movants' personal information on a subpoena subjects the Movants to undue burden.  Doc. 28, p. 3.  Movants undue burden argument is misplaced.  The subpoena at issue is directed at Comcast which is an ISP.  A "Doe defendant lacks standing to quash a subpoena on the ground of undue burden when the subpoena

is directed to the ISP rather than to him." *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 36 (D.D.C. 2011). Any motion to quash based on undue burden would need to consider the undue burden of the recipient of the subpoena – in this case Comcast. There is no undue burden placed on Comcast. As such, Movants' argument regarding undue burden fails and should not be a basis for a motion to quash.

### D. Movants lack standing to oppose the subpoena.

Movants are non-parties as there is no determination that Movants are infringers. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc*., 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (subpoenas served on MySpace, Facebook, etc.; collecting cases). In order to seek to quash a subpoena, Movants must claim a personal right or privilege in their subscriber information. Movants fail to identify a personal right or claimed privilege which would grant Movants standing to oppose the issued subpoena. Without standing, Movants' motions to quash should be denied.

Movants only plausible reference to a personal right is their reference to "personal information." Doc. 28, p. 3. Plaintiff assumes *arguendo* the asserted personal right is in their non-content related subscriber information related to their internet subscriptions to which there is no privacy interest. In the 9th Circuit, an IP address and even the "to/from" fields for email do not carry an expectation of privacy as these are the same as the address on a public package. *United States v. Forrester*, 495 F.3d 1041, 1049 (9th Cir. 2007), citing *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577 (1979). Movants have already caused their IP addresses to be broadcast repeatedly in communications and requests for data and have, through Comcast, designated

where the deliveries of requested data are to be made. "[T]here is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." *Courtright v. Madigan*, 2009 WL 3713654 at *2 (S.D. Ill., 2009); see also *Guest v. Leis*, 255 F.3d 325 (6th Cir. 2001); *United States v. Simons*, 206 F.3d 392 (4th Cir. 2000). As such, there is no privacy right and Movants lack standing. Their motions should be denied.

### E. Joinder is proper.

Again, Movants lack standing to sever as they are not parties. As has been noted to the court, appearing parties tend to favor joinder as they benefit from shared defenses. Movants may or may not be seeking relief that is in the interest of the actual parties and as such their request should be denied. Should Movants be named as defendants, severance will not be opposed.

Movants also assert plaintiff's claims do not arise out of the same transaction or occurrence and do not share any question of law or fact. Doc. 28, p. 5. Additionally, Movants assert permissive joinder does not comport with the principles of fundamental fairness. *Id*. As noted by Movants this issue is before the Court on the Court's Order to Show Cause. Plaintiff believes the Court is well briefed on this and rather than reiterate what has been previously filed, submits Plaintiff's Response to Oder to Show Cause, filed April 20, 2013, and other briefing, cover the majority of the substance of this issue. Doc. 49. And again, it is noted that it is third parties that seek to be severed while named defendants often favor joinder.

With respect to the court's concern as to the proper and fair administration of justice, in this case it has been made clear to Movants' counsel that plaintiff is seeking to "ascertain the true Doe party identity" in light of "a pervasive level of [piracy] traffic with over 15 pages of listing." Decl. Counsel ¶¶ 3, 4. Movants' counsel and plaintiff's counsel had a notable conferral with

respect to IP address 76.115.46.230 (Doe 270) and plaintiff's true and legitimate interests, as memorialized in part in a follow up email of April 15. *id.* Exhibit 1. Movant's counsel should have no doubt that plaintiff's sole interest is in actual infringers and not mere innocent subscribers.[1]  As such it is submitted the concerns of improper use of a subpoena are completely unfounded, and in the present case and are specifically refuted by the record in general and by the specific record between the parties.

### III. CONCLUSION

Plaintiff's only mechanism to pursue its copyright infringement claim is by discovering subscriber information through records held by internet service providers.  The subpoena at issue is the only vehicle by which plaintiff can pursue its copyright claims against Comcast subscribers who have infringed its copyright.  Should this court find plaintiff has adequately shown cause to move forward with this case plaintiff will need the subpoenaed information.  Moreover, joinder is presently proper and comports to the principles of fundamental fairness as demonstrated by the conduct of plaintiff.

Plaintiff requests the court deny Movants' motions.  Alternatively, Plaintiff requests this court stay in adjudication pending resolution of the Order to Show Cause.

DATED: April 26, 2013.

Respectfully submitted,

CROWELL LAW

/s/ Carl D. Crowell
Carl D. Crowell, OSB No. 982049
(503) 581-1240
Of attorneys for the plaintiff

---

[1] There was no conferral with respect to IP address 67.168.196.52 (Doe 7) beyond a limited reply email, sent to plaintiff two (2) hours before the filing of the motion. *Ex. 1.*