Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DOES 1- 371,**<br><br>Defendants. | Case No.:  3:13-cv-00295-AA<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH BY "DOE 128"<br><br>Document 36<br>IP:  24.21.191.15 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH

### I. INTRODUCTION

The general nature and background of this case being well briefed is not further presented. Plaintiff relies on the prior filings of record.

On April 16, 2013, "Defendant John Doe 128," alleged to be associated with internet protocol ("IP") address 24.21.191.15 filed a *pro se* motion to quash.  Docs. 36-38.  The filing party is referred to herein as "Movant," in that the relevant IP address is associated with the conduct of Doe 255 as per Exhibit 1, and it is unknown if Movant is in fact Doe 255.

In the motion, Movant makes three arguments: 1) Movant shares its internet with two others; 2) plaintiff's subpoena imposes an undue burden on Comcast; and 3) plaintiff's request is overbroad and seeks irrelevant information. For the reasons discussed below, Movant's motion should be denied.

## II. DISCUSSION

### A. Burden

"The party moving to quash a subpoena bears the burden of persuasion." *Webster v. Northwest Cancer Specialists, P.C.*, No. 11-1543 (D. Or., 2012), citing *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

### B. Movant lacks standing to oppose the subpoena.

As a preliminary matter, Movant lacks standing to file a motion to quash. Although Movant identifies itself as a defendant, ("Defendant Doe 128") as matters now stand Movant is simply third-party a subscriber.[1] "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (subpoenas served on MySpace, Facebook, etc.; collecting cases). Movant does not identify a personal right or claim a privilege which might grant Movant standing to oppose the issued subpoena. Without standing, the motion to quash should be denied.

### C. Plaintiff's request for information is not overbroad and is relevant.

Plaintiff's request is for "basic subscriber information." Doc. 36, p. 4. Based on plaintiff's experience with several internet providers ("ISP"), "basic subscriber information" is commonly known throughout the industry to include the subscriber's name and address. On

---

[1] Notable is the declaration of Movant that makes no mention of denying liability as a defendant. Doc. 38.

occasion, an ISP will provide a subscriber's telephone number and email address. Plaintiff does not seek any protected information such as covered by the Stored Communications Act. 18 U.S.C. § 2701.

Plaintiff's request is not overbroad, but narrow. Subscriber information is basic contact information which enables plaintiff to communicate with the subscriber who is responsible for the IP address through which plaintiff's motion picture was copied without authorization. There is no expectation of privacy in basic subscriber information. *United States v. Forrester*, 495 F.3d 1041, 1049 (9th Cir. 2007), citing *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577 (1979). Subscriber information is virtually plaintiff's only mechanism to pursue its copyright infringement claim. Without such information, plaintiff is unable to pursue its vested legal right to relief under the copyright law, making such right a nullity. *Marbury v. Madison*, 5 U.S. 137 (1803).

Plaintiff's request is relevant. Plaintiff is entitled to seek information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This rule is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351 (1978). An IP address is well recognized and utilized to assist in identifying a party as a matter of course in all manner of proceedings:

> When a criminal uses a computer to commit crimes, law enforcement may be able, through lawful legal process, to identify the computer or subscriber account based on its IP address. This information is essential to identifying offenders, locating fugitives, thwarting cyber intrusions, protecting children from sexual exploitation and neutralizing terrorist threats.[2]

---

[2] Statement of Deputy Assistant Attorney General Jason Weinstein Before the Senate Judiciary Subcommittee on Privacy, Technology and the Law, May 10, 2011 available at http://www.justice.gov/criminal/pr/testimony/2011/crm-testimony-110510.html

RESPONSE IN OPPOSITION TO MOTION TO QUASH: Doc. 36              Page 3

The 9th Circuit has consistently held an IP address and the related subscriber information is useful and relevant.  See *United States v. Craighead*, 539 F.3d 1073, 1080–81 (9th Cir. 2008) (probable cause existed where the IP address from which content was shared was traced to the defendant); *United States v. Hay*, 231 F.3d 630, 634–35 (9th Cir. 2000).  See also *United States v. Forrester*, at 1049 (comparing an IP address to a telephone number).  The two circuit courts which have addressed this issue opined Rule 45 subpoenas are useful to identify online copyright infringers.  *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005); *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).

An IP address and the related subscriber information is useful and relevant information. Plaintiff requests this court deny Movant's motion to quash so that it may legitimately pursue its legal remedy.

### D. Shared Internet is Irrelevant

The fact that a party claims to share their internet service with any other party may provide a defense to be asserted, but it does not change the relevance of the subscriber information.  In the instant case Movant apparently argues the actual infringer is one of three people that use Movant's internet service leaving the notable negative pregnant of not personally denying infringing plaintiff's work.  It may well be all three parties are infringers, or it may be that only one is an infringer.  But the identity of the subscriber, and then likely the identity of the roommates, if necessary, is highly relevant and properly discoverable. Fed. R. Civ. P. 26(b)(1).

### E. There is no undue burden on Comcast or Movant.

Movant asserts that allowing Comcast to disclose subscriber information responsive to the subpoena subjects Comcast and Movant to undue burden. Doc. 37, p. 2.  Movant is mistaken.  A "Doe defendant lacks standing to quash a subpoena on the ground of undue burden

when the subpoena is directed to the ISP rather than to him." *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 36 (D.D.C. 2011). Any motion to quash based on undue burden would need to be asserted by the recipient – in this case Comcast. There is no undue burden placed on Comcast and Comcast has made no such claim. The argument that the subpoena requires Comcast to investigate whether Movant or one of Movant's roommates is the infringer is factually baseless. If anything, this would be the burden of plaintiff, which is fully prepared to investigate.

### III. CONCLUSION

The subpoena at issue is the only vehicle through which plaintiff can pursue the identity parties who have infringed its copyright. The information sought is highly relevant and there is no undue burden. Plaintiff requests the court deny Movant's motion to quash.

DATED: April 25, 2013.

        Respectfully submitted,

        CROWELL LAW

        /s/ Carl D. Crowell
        Carl D. Crowell, OSB No. 982049
        (503) 581-1240
        Of attorneys for the plaintiff